```
                   UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
```

| | |
|---|---|
| APRIL PRICE, | No. ED CV 09-01118-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.  Whether the Administrative Law Judge ("ALJ") properly

```
1              considered the treating physician's opinion;
2     2.   Whether the ALJ properly considered Plaintiff's obesity;
3     3.   Whether the ALJ properly considered the lay witness
4          statement;
5     4.   Whether the ALJ properly developed the record; and
6     5.   Whether the ALJ properly represented the record.
```

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT ERR IN HIS PSYCHIATRIC EVALUATION OF PLAINTIFF**

Plaintiff asserts, in her first issue, that the ALJ improperly ignored an adult psychiatric evaluation by her doctor, T. Nguyen, who reported that her mood and affect was apprehensive and labile, that her thought process was circumstantial, and that her insight and judgment were poor. Further, he diagnosed her with personality disorder, panic disorder, and assessed a Global Assessment of Functioning ("GAF") score of 45. (JS at 3, et seq., AR 214-215.)

The ALJ assessed that Plaintiff has a severe impairment of mood disorder. (AR 10.) In calculating her residual functional capacity ("RFC"), the ALJ found that she has non-exertional limitations as to understanding, remembering and carrying out detailed instructions, and in the ability to ask simple questions or request assistance. (AR 11.)

The ALJ considered significant and varied psychiatric evidence in making his determination as to Plaintiff's severe impairment and her mental RFC. He relied upon and extensively discussed the psychiatric

2

consultative examination ("CE") performed by Linda Smith on February 22, 2007 at the request of the Department of Social Security Disability and Adult Programs. (AR 12, 170-177.) During that examination, Plaintiff complained that she was bipolar; however, her mental status examination showed that she was neatly and casually groomed; she made fair eye contact and fair interpersonal contact; she had no psychomotor agitation or retardation; she was coherent and organized; there was no tangentially or loosening of association; there was no bizarre or psychotic thought content; her mood was reported to be depressed and sometimes anxious; her affect was full and animated; her speech was normal; she was alert and oriented in all spheres; her memory and concentration were within normal limits; her insight and judgment appeared to be fair. Dr. Smith rendered a diagnostic impression of mood disorder, NOS; mixed personality traits, and a GAF of 75. (Id.) Dr. Smith concluded that Plaintiff was not impaired in her ability to work if she gave fair effort.

The ALJ also relied upon the opinions of two State Agency physicians, Drs. Paxton and Hurwitz. (AR 13, 148-161, 179-182.) Dr. Paxton reviewed Plaintiff's medical record on June 29, 2006 and limited her to non-public, simple repetitive work with no adaptive limitations. (AR 161.) On March 16, 2007, Dr. Hurwitz also reviewed Plaintiff's entire record, including Dr. Smith's opinion, and treatment notes from Dr. Nguyen. (AR 180-181.) Dr. Hurwitz affirmed Dr. Paxton's evaluation. (AR 182.) State Agency physicians' opinions constitute substantial evidence if they are consistent with other evidence in the record. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602-603 (9th Cir. 1999).

It is also significant that the ALJ considered Plaintiff's

3

treatment notes, contemporaneous with Dr. Nguyen's evaluation. (AR 12, 183-238.)[1]  The ALJ's evaluation of these progress notes indicated that, for example, on May 26, 2006, Plaintiff reported that she was not crying all the time because she was not as angry and that she had not started her medication for insomnia because she had not had problems with sleep recently.  On February 7, 2007, the ALJ noted that Plaintiff reported she was doing okay. (AR 12.)

Plaintiff is correct that the ALJ failed to specifically name and discuss Dr. Nguyen in his Decision.  As the Court has indicated, it does appear that the ALJ reviewed all the treatment notes, of which Dr. Nguyen's are just a part; however, in an abundance of caution, the Court will address the specific omission of any discussion of Dr. Nguyen under the "harmless error" test.  See Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050 (9th Cir. 2006).  There, in a case which concerned an ALJ's failure to properly discuss competent lay witness testimony which was favorable to the claimant, the Court held that, "... a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." (Id. at 1056.)  Here, the Stout test is applicable, because the weight of the evidence does not support Dr. Nguyen's extreme assessment of mental functional limitations.  The ALJ, in fact, did review all of the relevant evidence concerning Plaintiff's mental functioning, including the report following a consultative examination by Dr. Smith, and the opinions of two State Agency

---

[1] Thus, although Plaintiff complains that the ALJ ignored Dr. Nguyen's opinion, it is clear that he evaluated it along with the other contemporaneous treatment notes.

4

physicians, in addition to all of the treatment notes from Plaintiff's treating facility, Mesa Counseling. As such, the Court cannot conclude under any reasonable scenario that the ALJ would have accepted Dr. Nguyen's conclusions, because, in fact, they go against the weight of the evidence.

Plaintiff finally raises the issue of her GAF scores. This Court has often addressed the issue of GAF scores in its decisions, including many cases in which Plaintiff's current counsel has presented the identical issue to the Court.

The GAF scale is intended to reflect a person's overall level of functioning at or about the time of the examination, not for a period of at least 12 consecutive months, which is required for a finding of impairment or disability. (See 20 C.F.R. §§416.905, 416.920(c)(2006).)

GAF scores are intended to be used for clinical diagnosis and treatment, and do not directly correlate to the severity assessment set forth in Social Security regulations. (See Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000), and American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, Text Revision 33 (4th Ed. 2000).

For the foregoing reasons, the Court finds no merit in Plaintiff's first issue.

**II**

**THE ALJ DID NOT ERR IN FAILING TO**

**SPECIFICALLY ADDRESS PLAINTIFF'S OBESITY**

In Plaintiff's second issue, she asserts that the ALJ erred by failing to address the functional impact of her obesity. Initially,

5

1  the Court notes that the Commissioner does not dispute the fact that
2  Plaintiff technically meets the requirements of obesity based upon her
3  body mass index ("BMI").  The dispute, however, is whether or not the
4  ALJ erred by failing to specifically discuss Plaintiff's obesity.
5  Plaintiff asserts that error was committed, because it was required
6  that the ALJ discuss the effects of Plaintiff's obesity on her other
7  impairments, such as COPD and asthma.  Citing the Ninth Circuit
8  opinion in <u>Celaya v. Halter</u>, 332 F.3d 1177, 1181 (9th Cir. 2003), and
9  the requirements of Social Security Ruling ("SSR") 02-01p, Plaintiff
10 argues that the ALJ was required to specifically discuss the impact of
11 obesity on her severe impairments.
12     Based on amendments to the regulations enacted in 1999, a
13 diagnosis of obesity no longer imports a presumption of disability.
14 (<u>See</u> SSR 02-01p.)  Further, Plaintiff's interpretation of the holding
15 of <u>Celaya v. Halter</u> is incorrect, in that it is only required that a
16 discussion of the effects of a claimant's obesity must occur if there
17 is evidence of its impact upon a claimant's health. (<u>See</u> <u>Celaya</u>, 332
18 F.3d 1177, 1181 n.1.)
19     The Circuit's later decision in <u>Burch v. Barnhart</u>, 400 F.3d 676
20 (9th Cir. 2005) eliminates any possible ambiguity in this regard.
21 Where there is no evidence that a claimant's obesity exacerbates other
22 impairments, the ALJ does not commit reversible error by not
23 considering obesity at Step Two in the sequential evaluation process
24 (e.g., the determination of whether or not a claimant has a severe
25 impairment).  Further, in a case in which obesity is not a severe
26 impairment, the ALJ is not required to make an equivalence analysis at
27 Step Three. ("An ALJ is not required to discuss the combined effects
28 of a claimant's impairments or compare them to any listing in an

6

1  equivalency determination, unless the claimant presents evidence in an
2  effort to establish equivalence." [400 F.3d at 673, citations
3  omitted].)
4     Considering these factors, the ALJ did not err in his decision by
5  omitting any specific discussion of Plaintiff's obesity.  At no time
6  in the administrative proceedings, or in this litigation, has
7  Plaintiff pointed to evidence that she has any functional limitations
8  due to her obesity.  In fact, the evidence is to the contrary.
9  Indeed, the medical records considered by the ALJ do document
10 Plaintiff's height and weight. (See AR 179.)  Nevertheless, nothing in
11 Plaintiff's medical records documents any direct or indirect
12 consequence of her obesity; that is, any functional limitations
13 related to obesity.  Further, Plaintiff never asserted in any of the
14 administrative records that her obesity affected her functional
15 capacity. (AR 78, 97, 112.)  As the Commissioner notes, Plaintiff
16 repeatedly asserted that she stopped working because of her mental
17 impairments, not because of obesity or any functional effects of her
18 obesity. (Id.)  Finally, at her August 31, 2007 hearing, Plaintiff
19 testified that she could not work because of her mental impairments.
20 (AR 31-33, 36-37.)
21    In sum, Plaintiff has not met her burden of demonstrating that
22 she has functional limitations due, either directly or indirectly, to
23 her obesity.  Consequently, there is no error with regard to the ALJ's
24 failure to address that issue in his decision.
25 //
26 //
27 //
28 //

## III

## **THE ALJ DID NOT ERR IN FAILING TO CONSIDER**

## **THE LAY WITNESS STATEMENT OF PLAINTIFF'S MOTHER**

In her third issue, Plaintiff asserts that the ALJ improperly disregarded a Function Report - Adult Third Party, dated June 9, 2006, provided by Plaintiff's mother. (JS at 14, AR 100-105.) Plaintiff correctly notes that relevant and germane lay witness testimony must be considered by an ALJ, and it may only be rejected for appropriate reasons set forth in the Decision. Nevertheless, in this case, the harmless error analysis must be applied. See Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006). Indeed, the information that Plaintiff's mother provided was for the most part consistent with Plaintiff's testimony and the written evidence. The ALJ found Plaintiff to be not credible, a conclusion not challenged by Plaintiff in this litigation. Consequently, similar statements about limitations in Plaintiff's activities of daily living ("ADL") provided by Plaintiff's mother would not be accorded credibility. Thus, the Court concludes that the ALJ would not have reached any different decision if the statements of Plaintiff's mother had been specifically considered. Substantial evidence supports the ALJ's findings in this case. Any error with regard to the consideration of the questionnaire provided by Plaintiff's mother was, therefore, harmless error.

## IV

## **THE ALJ DID NOT FAIL TO PROPERLY DEVELOP THE RECORD**

Plaintiff's fourth issue incorporates her assertion that the ALJ failed to develop the record with regard to evidence of her mental condition. In making this argument, Plaintiff cites that portion of

the ALJ's decision which indicates that the record does not contain psychiatric treatment notes, formal diagnosis or evaluation results. (JS at 17, citing AR 11.)

It is hornbook law that only in a case involving ambiguous evidence or a finding that the record is inadequate to allow for proper evaluation of the evidence is the ALJ under any obligation to develop the record.  See <u>Armstrong v. Commissioner of Social Sec. Admin.</u>, 160 F.3d 587, 590 (9th Cir. 1998).  Here, to the contrary, the record was not ambiguous or incomplete.  Indeed, the ALJ obtained a consultative psychiatric examination by Dr. Smith (AR 170-178), who concluded that Plaintiff has no mental functional limitations. (AR 176.)  Further, the State Agency physicians considered whether Plaintiff's impairments met or equaled any Listing, and concluded that they did not.  Here, again, the ALJ's decision was supported by substantial evidence, and the Court finds there was no duty to develop the record.

Related to Plaintiff's fourth issue is her fifth issue, where she contends the ALJ did not properly represent the record.  Citing the same portion of the ALJ's decision as she incorporated in her fourth issue, Plaintiff notes that in fact Dr. Nguyen did report that Plaintiff's mood and affect was apprehensive and labile, that her thought process was circumstantial, and that her insight and judgment were poor.  Plaintiff again raises the issue of her GAF score in this argument.  But, the Court has already addressed Plaintiff's contentions regarding the omission of any specific discussion regarding Dr. Nguyen.  Moreover, Plaintiff has not presented any evidence in the record which would support a finding that she met the "paragraph C" criteria for a Listing.  The ALJ's appropriate reliance

1  upon the results of the testing performed by Dr. Smith, and the
2  opinions of the State Agency physicians, has already been noted, and
3  is incorporated herein.  Thus, Plaintiff's fifth issue has no merit.
4       The decision of the ALJ will be affirmed.  The Complaint will be
5  dismissed with prejudice.
6       **IT IS SO ORDERED**.

8  DATED: February 3, 2010                  /s/
                                         VICTOR B. KENTON
9                                        UNITED STATES MAGISTRATE JUDGE